IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.    REAL PROPERTY LOCATED AT 4107 BRUSH CREEK ROAD, COLORADO SPRINGS, COLORADO;
2.    REAL PROPERTY LOCATED AT 5078 PATHFINDER DRIVE, COLORADO SPRINGS, COLORADO;
3.    $27,500.00 IN UNITED STATES CURRENCY,
4.    MISCELLANEOUS JEWELRY, and
5.    $13,637.64 IN FUNDS FROM US BANK ACCOUNT #103680060722,

      Defendants.

_____

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*
_____

The United States of America, by and through United States Attorney Robert C. Troyer and Assistant United States Attorney Tonya S. Andrews, pursuant to Supplemental Rules for Admiralty, Maritime and Asset Forfeiture Claims G(2), states:

### JURISDICTION AND VENUE

1.    The United States of America (the "United States") has commenced this action pursuant to the civil forfeiture provisions of 21 U.S.C. § 881, seeking forfeiture of defendant property based upon violations of 21 U.S.C. § 801 et seq. This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355.

2.    Venue is proper under 21 U.S.C. § 881(j) and 28 U.S.C. § 1395, as the defendant property is located, and all acts described herein occurred, in the District of

1

Colorado.

## DEFENDANT PROPERTY

3.     Defendant property is more fully described as:

a.     4107 Brush Creek Road, Colorado Springs, Colorado 80916 (defendant 4107 Brush Creek Road), which is more fully described as follows:

Lot 83 the Villages at Sand Creek Fil No 1 Colo Spgs, County of El Paso, State of Colorado.

Defendant 4107 Brush Creek Road was purchased on September 28, 2006, and is titled in the name of Armando DeLeon and Bonnie I. Rivera.

b.     5078 Pathfinder Drive, Colorado Springs, Colorado 80911 (defendant 5078 Pathfinder Drive), which is more fully described as follows:

Lot 14 Blk 10 Fountain Valley Ranch Sub Fil No 9, County of El Paso, State of Colorado.

Defendant 5078 Pathfinder Drive was purchased on August 11, 2011 and titled in the name of Armando DeLeon, and on October 4, 2017 a Quit Claim Deed was filed and titled in the name of Christina E. Rivera and Veronica Gomez.

c.     $27,500.00 in United States Currency, (defendant "$27,500.00") seized on October 3, 2017, at 7096 Sapling Place, Colorado Springs, Colorado. Defendant $27,500.00 is currently being held by the United States Marshals Service, Denver, Colorado.

d.     Miscellaneous Jewelry, (defendant "Jewelry") seized on October 3, 2017, at 7096 Sapling Place, Colorado Springs, Colorado.   Defendant Miscellaneous

Jewelry is currently being held by the United States Marshals Service, Denver, Colorado.

e.      $13,637.00 in Funds from US Bank account #103680060722, (defendant "$13,637.00") seized on October 4, 2017, from US Bank account #103680060722 held in the name of D&D Custom Detailing, LLC.   Defendant $13,637.00 is currently being held by the United States Marshals Service, Denver, Colorado.

## FACTUAL BASIS FOR FORFEITURE

Except as otherwise noted, all of the following facts and information have been discovered through my own investigation and observations, and the observations and investigations of fellow law enforcement officers as reported to me.

### Confidential Source

4.      In or around July 2017, the Federal Bureau of Investigation (FBI) received information from a FBI Confidential Human Source (hereinafter CHS), regarding an individual by the name of "Mex Rick," that was distributing multi-ounce quantities of cocaine. "Mex Rick" was later identified as Armando DeLeon.

5.      During an interview with agents, the CHS stated that he began purchasing cocaine from Armando DeLeon in 2014.   After meeting him, he soon began purchasing approximately a kilogram of cocaine per month from Armando DeLeon.   The CHS estimated that he had purchased 15 kilograms of cocaine for each year of 2014, 2015, 2016, and 2017 from Armando DeLeon.

6.      The CHS further stated that he would pay Armando DeLeon between

$30,000.00 and $32,000.00 per kilogram of cocaine.   According to the CHS, Armando DeLeon would front him the cocaine and he would pay him in cash once he had sold the cocaine.

## CONTROLLED BUYS

### July 26, 2017 Buy

7.     On July 26, 2017, agents met with the CHS to arrange for the CHS to contact DeLeon to pay the CHS debt to Armando DeLeon and for the CHS to obtain another kilogram of cocaine.

8.     On July 26, 2017, the CHS contacted Armando DeLeon to pay the CHS outstanding debt of $30,000.00 and to purchase another kilogram of cocaine.

9.     The CHS parked on the street in front of the residence located at 7096 Sapling Place, Colorado Springs, Colorado.

10.     The CHS was met by Armando DeLeon in the front yard area and then they entered the residence together.

11.     During the meeting, the CHS gave Armando DeLeon the $30,000.00 and was "fronted" another approximately 1,158 grams of cocaine.

### August 11-12, 2017 Buy

12.     On or about August 11-12, 2017, the CHS met with Armando DeLeon at his residence at 7096 Sapling Place, Colorado Springs, Colorado. During this meeting, the CHS paid Armando DeLeon the $30,000.00 for the previously obtained cocaine.

### August 21, 2017 Buy

13.     On August 21, 2017, the CHS met with Armando DeLeon to purchase

additional cocaine.

14.     During this meeting, Armando DeLeon "fronted" the CHS with an additional

cocaine in the approximate amount of 1109g in two Wal-Mart brand shopping bags, and

was vacuum-sealed in a clear plastic bag.

September 15, 2017 Buy

15.     On September 15, 2017, the CHS met Armando DeLeon at his residence

at 7096 Sapling Place, Colorado Springs, Colorado.   The CHS paid Armando DeLeon

the $30,000.00 for the previously provided narcotics and was again fronted approximately

1,104g of cocaine.

16.     The CHS reported that Armando DeLeon offered to front him more than one

kilogram but that he did not accept it.

## SEARCH WARRANT

### Defendants $27,500.00 and defendant Miscellaneous Jewelry

17.     On October 3, 2017, a search warrant was executed at 7096 Sapling Place,

Colorado Springs, Colorado.   Agents found defendant $27,500.00 in United States

currency throughout the residence.    Agents also located defendant jewelry and firearms.

## FINANCIAL INVESTIGATION

### Wage History

18.     A review of the information revealed that DeLeon had wages reported in

2009, but has not had any other wages reported since then.

19.     On May 24, 2017, a credit application submitted to Infiniti Financial

Services, Armando DeLeon listed his income of $85,000 from D&D Custom Detailing and

listed his title as owner.   Additionally, on the same credit application, Armando DeLeon

lists additional income from rental properties of $18,000 per year.

<u>D&D Custom Detailing, LLC</u>

20.     D&D Custom Detailing, LLC is registered and in good standing with the

Colorado Secretary of State.   The registered agent is Armando De Leon and the Articles

of Incorporation were filed with the Colorado Secretary of State on January 11, 2011.

21.     There is no web presence for D&D Custom Detailing, LLC and the address

listed for the company is a Post Office Box.   An internet search revealed no website, no

reviews, and no information related to the detailing business.

22.     During surveillance conducted by the FBI, Armando DeLeon never drove to

D&D Custom Detailing, LLC and it is currently unknown if this business has a physical

presence.   In addition, Armando DeLeon was never observed detailing a car or otherwise

providing a custom detailing service.

23.     During the search of DeLeon's home office, agents found and reviewed

DeLeon's tax returns for 2015 and 2016.   D&D Custom Detailing was listed as a business

on DeLeon's Schedule C of his individual income tax return.   In 2016, there were no

expenses listed for advertising, contract labor, office expenses, supplies, rent, repairs,

utilities, or wages for employees.   The only two expenses listed on the D&D Custom

Detailing Schedule C were for "car and truck expense" in the amount of $6,734 and "other

expenses" in the amount of $540.

24.     No business records were found in the house for D&D Custom Detailing.

In addition, agents did not located any sales records, business receipts, customer

6

information, supplies, or any other records related to D & D Custom Detailing were found in the house.

25.     On October 3, 2017, while the search warrant was being executed, Armando DeLeon was interviewed and stated that D&D Custom Detailing was no longer a valid business.   DeLeon further stated that D&D Custom Detailing used to make money but has not been in operation in several months – since the address of the business changed.   The address of the business changed in January of 2017.

26.     Also during the interview, DeLeon stated that he has no other source of income other than his narcotics business and the money his girlfriend makes from her legitimate employment.

<u>Defendant $13,637.64 in funds from US Bank Account #103680060722</u>

27.     US Bank Account #103680060722 (US Bank Account #0722) is in the name of D&D Custom Detailing, LLC and was used in May of 2017 by Armando DeLeon to write a $9,000 check for the purchase of a new 2017 Infiniti QX60.

28.     On October 4, 2017, agents seized $13,637.64 from US Bank Account #0722 as drug proceeds.

<u>Defendant 4107 Brush Creek, Colorado Springs, Colorado</u>

29.     On September 28, 2006, Armando DeLeon purchased the real property located at 4107 Brush Creek, Colorado Springs, Colorado for approximately $217,000.00.

30.     Defendant 4107 Brush Creek appears to have been the primary residence of Armando DeLeon prior to his purchase of 7096 Sapling Place, Colorado Springs, Colorado in May 2017.   Specifically, he was issued a summons at this address on May

9, 2009.  In addition, he identified this address when obtaining his driver's license in August 2016.

31.     Armando DeLeon was responsible for making mortgage payments for his primary residence, defendant 4107 Brush Creek, from 2006 through present.

32.     On November 2, 2017 Armando DeLeon quit-claimed the property to himself and Bonnie Deleon without consideration.

### Defendant 5078 Pathfinder Drive, Colorado Springs, Colorado

33.     In August 2011, Armando DeLeon purchased the real property located at 5078 Pathfinder Drive, Colorado Springs, Colorado for approximately $148,000.00 without a mortgage.

34.     As stated above, Armando DeLeon has not had reported wages since 2009 and appears to have had minimal legitimate income through his D&D Custom Detailing business.

35.     On October 4, 2017, Armando DeLeon quit-claimed the property to Christina Rivera and Veronica Gomez without consideration.

36.     In summary, there is reasonable cause to believe that Armando DeLeon is involved in illegal drug trafficking and that the defendant assets are forfeitable as proceeds traceable to, and as property used or intended to be used in illegal drug trafficking pursuant to 21 U.S.C. § 881.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

[SIGNATURE PAGE TO FOLLOW]

## VERIFICATION OF ANDREW COHEN
## SPECIAL AGENT, FEDERAL BUREAU OF INVESTIGATION

I, Special Agent Andrew Cohen, hereby state and aver under the pains and penalties of perjury that I have read the foregoing Factual Basis for Forfeiture and that the facts and information contained herein are true.

Andrew Cohen
Special Agent - FBI

STATE OF COLORADO )
) ss
COUNTY OF DENVER )

The foregoing was acknowledged before me this 11th day of September, 2018 by Andrew Cohen, Special Agent, Federal Bureau of Investigation.

CHARISHA CRUZ
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20154003321
MY COMMISSION EXPIRES 01/22/2019

Notary Public - Colorado
My Commission Expires: 1/22/209

10

## FIRST CLAIM FOR RELIEF

40.     The Plaintiff repeats and incorporates by reference the paragraphs above.

41.     By the foregoing and other acts, defendant Real property located at 4107 Brush Creek Road, Colorado Springs, Colorado, constitutes or was derived from proceeds traceable to an exchange of a controlled substance in violation of 21 U.S.C. § 801, *et seq.*   Therefore, defendant Real property located at 4107 Brush Creek Road, Colorado Springs, Colorado, is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

## SECOND CLAIM FOR RELIEF

42.     The plaintiff repeats and incorporates by reference the paragraphs above.

43.     By the foregoing and other acts, defendant Real property located at 5078 Pathfinder Drive, Colorado Springs, Colorado, constitutes or was derived from proceeds traceable to an exchange of a controlled substance in violation of 21 U.S.C. § 801, *et seq.*   Therefore, defendant Real property located at 5078 Pathfinder Drive, Colorado Springs, Colorado, is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

## THIRD CLAIM FOR RELIEF

44.     The plaintiff repeats and incorporates by reference the paragraphs above.

45.     By the foregoing and other acts, defendant $27,500.00 in United States currency constitutes money furnished or intended to be furnished by any person in exchange for a controlled substance, proceeds traceable to an exchange of controlled substances, and money used or intended to be used to facilitate a violation of 21 U.S.C. § 801, *et seq.*   Therefore, defendant $27,500.00 is forfeitable to the United States

pursuant to 21 U.S.C. § 881(a)(6).

## FOURTH CLAIM FOR RELIEF

46.     The plaintiff repeats and incorporates by reference the paragraphs above.

47.     By the foregoing and other acts, defendant Miscellaneous Jewelry constitutes or was derived from proceeds traceable to an exchange of controlled substance in violation of 21 U.S.C. § 801, *et seq.*   Therefore, defendant Miscellaneous Jewelry, is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

## FIFTH CLAIM FOR RELIEF

48.     The plaintiff repeats and incorporates by reference the paragraphs above.

49.     By the foregoing and other acts, defendant $13,637.64 in funds from US Bank account #103680060722 constitutes money furnished or intended to be furnished by any person in exchange for a controlled substance, proceeds traceable to an exchange of controlled substances, and money used or intended to be used to facilitate a violation of 21 U.S.C. § 801, *et seq.*   Therefore, defendant $13,637.64 in funds from US Bank account #103680060722 is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States prays for entry of a final order of forfeiture for the defendant property in favor of the United States, that the United States be authorized to dispose of the defendant property in accordance with law, and that the Court enter a finding of probable cause for the seizure of the defendant property and issue a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

11

DATED this 13th day of September, 2018.

Respectfully submitted,

ROBERT C. TROYER
United States Attorney

By: *s/Tonya S. Andrews*
Tonya S. Andrews
Assistant United States Attorney
1801 California Street, Ste. 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax: (303) 454-0402
E-mail: tonya.andrews@usdoj.gov
*Attorney for the United States*